Secretary must deduct nonrecurring income only once.[10]

The district court's grant of summary judgment in favor of the Secretary is reversed, and summary judgment is entered for the plaintiffs.

FERNANDEZ, Circuit Judge, dissenting:

The majority opinion offers a method of applying the statute that cannot be called wrong. Indeed, it is more fair to aid recipients than the method used by the Secretary. However, in the face of the inherently spongy phrase, "other relevant circumstances," the majority reaches its conclusion by dubbing the statute clear and unambiguous. That result is reached by considering only one of Congress' often competing intents—providing for the needy. Practically speaking, the opinion overlooks Congress' other intentions, viz., avoiding dissipation of funds through fraud, neglect or abuse, see *Martin v. Sullivan*, 932 F.2d 1273, 1278 (9th Cir. 1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 648, 116 L.Ed.2d 665 (1991); and simplification of administration, see *Farley v. Sullivan*, 983 F.2d 405, 409–10 (2d Cir.1993). It also brushes aside the fact that Congress has designated specific payments that *are* to be deducted only once. In short, the majority opinion elides the compromises which pervade the legislation and make it somewhat indeterminate. Those kinds of compromises allow legislation to get enacted. They also put off resolution of some difficult issues to another place, another day.

In this instance, that place is the Secretary, and that day came when the Secretary acted. Again, the majority's construction is reasonable, but so is the Secretary's. That, to my mind, is the end of it. The Secretary's interpretation must be upheld. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984); *Washington State Dep't of Game v. I.C.C.*, 829 F.2d 877, 879 (9th Cir.1987). That, of course,

means that we should agree with the Second Circuit, see *Farley*, 983 F.2d at 410, and that the district court should be affirmed.

Therefore, I respectfully dissent.

SUBAFILMS, LTD.; The Hearst Corp., Plaintiffs-counter-defendants-Appellees,

v.

MGM–PATHE COMMUNICATIONS CO., fka MGM/UA Communications Co. and as United Artists Corporation; MGM/UA Home Video, Inc.; Warner Home Video, Inc.; Warner Bros. Inc., Defendants-counter-claimants-Appellants.

SUBAFILMS, LTD.; The Hearst Corp., Plaintiffs–Appellants,

v.

MGM–PATHE COMMUNICATIONS CO., fka MGM/UA Communications Co. and as United Artists Corporation; MGM/UA Home Video, Inc.; Warner Home Video, Inc.; Warner Bros. Inc.; United Artists Corporation, Defendants–Appellees.

Nos. 91–56248, 91–56379, 91–56289.

United States Court of Appeals, Ninth Circuit.

Sept. 28, 1993.

ORDER

---

10. Because Congress' intent is clear, we need not examine the Secretary's interpretation under the "arbitrary and capricious" standard. *Cf. Briggs II*, 954 F.2d at 538 ("When confronted with congressional silence, ..." we examine the agen-cy's interpretation and give it controlling weight unless it is " 'arbitrary, capricious, or manifestly contrary to the statute.' ") (quoting *Chevron*, 467 U.S. at 844, 104 S.Ct. at 2782).

WALLACE, Chief Judge:

Upon the vote of a majority of nonrecused regular active judges of this court, it is ordered that this case be reheard by the en banc court pursuant to Circuit Rule 35–3.

**Ray MARSHALL, Individually and on behalf of his Wife and Children, Plaintiff–Appellant,**

**v.**

**Donna E. SHALALA,\* Secretary of Department of Health and Human Services of the United States, Defendant–Appellee.**

**Nos. 92–2038 & 92–2253.**

United States Court of Appeals, Tenth Circuit.

June 30, 1993.

James A. Burke, of Santa Fe, NM, for plaintiff-appellant.

Don J. Svet, U.S. Atty.; Ronald F. Ross, Asst. U.S. Atty.; Donald A. Gonya, Chief Counsel for Social Security; Randolph W. Gaines, Deputy Chief Counsel for Social Security; A. George Lowe, Deputy Chief Counsel for Social Security Disability Litigation, and Lawrence A. Levey, Attorney, Office of the Gen. Counsel, Social Security Div., Dept. of Health and Human Services, for defendant-appellee.

Before TACHA, BALDOCK, and KELLY, Circuit Judges.

TACHA, Circuit Judge.

In Case No. 92–2038, Ray Marshall appeals a district court order dismissing his claim for relief from a Social Security Administration ("SSA") decision terminating his social security blind benefits. In Case No. 92–2253, Mr. Marshall appeals a subsequent district court order denying his Fed.R.Civ.P. 60(b) motion. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm both orders.[1]

---

\* Donna E. Shalala is substituted for Louis Sullivan, M.D., pursuant to Fed.R.App.P. 43(c)(1).

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the